Ristenpart Law, LLC
Theresa Ristenpart, Esq.
Nevada Bar No.: 9665
464 South Sierra Street
Reno, NV 89501
(775) 200-1699

*Attorney for Defendant Delshay Astor*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:26-cr-00006-ART-CSD |
| Plaintiff, | **MOTION TO DISMISS INDICTMENT** |
| v. | |
| DELSHAY ASTOR, | |
| Defendant. | |

Mr. Delshay Astor, by and through his counsel of record, THERESA RISTENPART, Esq., of RISTENPART LAW, LLC, hereby file this motion to dismiss the Indictment [ECF 2] for lack of jurisdiction pursuant USCS Fed. R. Criminal Procedure 12(b)(2).

This Motion is based on the following Memorandum of Points and Authorities, all other papers and pleadings on file with the Court, and any evidence and oral argument presented at a hearing on this matter.

DATED this 12th day of July, 2026.

THERESA RISTENPART, Esq.
 */s/ Theresa Ristenpart*
RISTENPART LAW, LLC
Attorney for Mr. Delshay Astor

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**<u>Certification:</u>**

This Motion is timely filed pursuant to USCS Fed. R. Criminal Procedure 12(b)(2) in which a motion that the court lacks jurisdiction may be made at any time while the case is pending.

## I.    <u>STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY</u>

On May 28, 2026, the Government filed an Indictment alleging the following criminal allegations against Mr. Delshay Astor (Mr. Astor).

> <u>Violations:</u>
> Title 18 U.S.C. §§ 1111, 1151, 1152 – Murder in the Second Degree Within Indian Country (Count One);
>
> Title 18 U.S.C. § 2 – Aiding and Abetting (Count One)

The Indictment under Count One states:

> "On or about February 2, 2022, in the State and Federal District of Nevada, and on the Reno-Sparks Indian Colony, Indian Country of the United States, DELSHAY ASTOR, defendant herein, and others known to the Grand Jury, with malice aforethought, did unlawfully kill A.S., an Indian female, by shooting A.S. with a firearm, in violation of Title 18 United States Code, Sections 1111, 1151, 1152, and 2."

## II.    **LEGAL ARGUMENT**

   a. **This Court lacks jurisdiction as Mr. Astor is Indian and therefore exempt from prosecution under 18 USC § 1152.**

18 U.S.C.S. § 1152 states:

> Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country.
>
> ***This section shall not extend to offenses committed by one Indian against the person or property of another Indian***, nor to any Indian committing any offense in the Indian

2

country who has been punished by the local law of the tribe, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively. 18 USC §1152 (emphasis added).

Section 1152 is referred to as the Federal Enclave Act. *United States v. Prentiss*, 256 F.3d 971, 974 n.1 (10th Cir. 2001).  In its first clause, Section 1152 extends the jurisdictional situs element of federal enclave laws to encompass Indian country.  To prosecute under Section 1152, the Government must prove, as a jurisdictional requisite, that the crime was in violation of a Federal enclave law, and that the crime occurred between an Indian and a non-Indian within Indian country.  *United States v. Torres*, 733 F.2d 449, 454 (7th Cir. 1984).  Courts have consistently held that crimes committed in Indian country by non-Indians against non-Indians fall under state jurisdiction.  *See United States v. Wheeler*, 435 U.S. 313, 98 S. Ct. 1079, 55 L. Ed. 2d 303 (1978); *Shuman v. Wolff*, 543 F. Supp. 104, 108 (D. Nev. 1982).  The Government appears to be prosecuting Mr. Astor on the theory that Section 1152 confers federal district court jurisdiction, rather than state jurisdiction, because the indictment identifies the deceased, A.S., as Indian.

But it is well established that the second clause of Section 1152 carves out three exceptions that do not confer federal jurisdiction even if the alleged crime is to have taken place on Indian country and against an Indian.  The first exception is the federal government may not invoke Section 1152 to prosecute cases in Indian country when the offenses committed by an Indian defendant against an Indian victim (i.e., "intra-Indian" offenses).  *See Ex Parte Crow Dog*, 109 U.S. 556, 27 L. Ed. 1030, 3 S. Ct. 396 (1883) (United States Supreme Court applied this exception and dismissed a federal prosecution for an alleged

murder of one Indian by another); *United States v. Smith*, 925 F.3d 410, 420 (9th Cir. 2019); *United States v. Haggerty*, 997 F.3d 292, 298 (5th Cir. 2021); *United States v. Wadena*, 152 F.3d 831, 840 (8th Cir. 1998).

By excluding offenses committed by one Indian against another Indian in the second clause, Section 1152 established federal jurisdiction over interracial crimes only (i.e., when the defendant is an Indian and the victim is a non-Indian, or vice versa). *See Felix S. Cohen's Handbook of Federal Indian Law* at 291 (Rennard Strickland et al. ed.,1982) (stating "the basic purpose of §1152 is to punish interracial crimes").

Mr. Astor is an enrolled tribal member with the Reno Sparks Indian Colony. The Government presumably knew this before indictment because law enforcement records consistently identify Mr. Astor as Indian. Once a defendant properly raises Indian status, the Government has the ultimate burden of proof. *United States v. Hester*, 719 F.2d 1041, 1043 (9th Cir. 1983). Here, the Government would have to prove Mr. Astor is non-Indian to prosecute under Section 1152.

### CONCLUSION

The Government indicted Mr. Astor under 18 USC § 1152. Because both Mr. Astor and A.S. are Indian, Section 1152 does not provide federal jurisdiction over this prosecution. This Court therefore must dismiss the Indictment for lack of federal jurisdiction pursuant to USCS Fed. R. Criminal Procedure 12(b)(2).

**<u>CERTIFICATION OF SERVICE</u>**

I hereby certify that on the 12th day of July, 2026 a true and correct copy of the foregoing Motion to Dismiss Indictment for Lack of Jurisdiction was delivered via electronic service by the U.S. District Court CM/ECF systems to the parties in this action.

DATED this 12th day of July, 2026.

/s/ Naomi Kandarian
Naomi Kandarian, Legal Assistant