TODD BLANCHE
Acting Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264
JOSHUA BRISTER
Assistant United States Attorney
400 South Virginia Street, Suite 900
Reno, Nevada 89501
Joshua.Brister@usdoj.gov
*Representing the United States of America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DELSHAY ASTOR,<br><br>Defendant. | Case No.: 3:26-cr-00006-ART-CSD<br><br>**Motion for Entry of a Revised Protective Order for Discovery Containing Personal Identifying Information** |

Theresa A. Ristenpart was appointed as defendant Delshay Astor's counsel on June 17, 2026. ECF No. 21. On June 23, 2026, the government e-mailed Ms. Ristenpart to schedule a time to meet and confer to discuss discovery and the need for a protective order for witnesses' and third parties' personal identifying information. *See* Local Rule LCR 16-1(b) and (c) (requiring the government and defense to meet and confer to discuss discovery and discovery disputes). The government again asked Ms. Ristenpart to meet and confer on June 30, 2026 and July 7, 2026. Finally, on July 8, 2026, Ms. Ristenpart agreed to meet and confer with the government. The parties could not come to an agreement regarding the government's proposed protective order. The government shared discovery not containing personal identifying information on July 9. This discovery was shared via a cloud-based service. The government also downloaded media without

1

personal identifying information to a hard drive provided by Ms. Ristenpart; the media finished copying to the hard drive on July 10, and the government e-mailed Ms. Ristenpart that day to inform Ms. Ristenpart it would be available to her in Reno anytime Monday, July 13. Ms. Ristenpart did not respond. On July 13, the government filed a motion for a protective order. *See* ECF No. 26. On July 14, in the courtroom before calendar call, the government gave Ms. Ristenpart the hard drive containing additional discovery.

At calendar call, Ms. Ristenpart asserted her client's right to a speedy trial on August 4. However, she also represented to the Court that she did not know if she could be ready for trial on August 4 due to outstanding discovery. This is a murder case, and calendar call took place 3 weeks before the August 4 trial date, meaning there is an urgent need to resolve issues surrounding discovery, particularly as it relates to the proposed protective order. After hearing arguments about the protective order, the Court asked the parties to continue to discuss the matter to see if they could come to a resolution. Additionally, at Ms. Ristenpart's request, the Court authorized counsel to meet and confer via e-mail moving forward. *Contra* LR IA 1-3 (requiring that parties meet and confer "in a face-to-face meeting, telephone conference, or video conference").

Shortly after calendar call, at 1:14pm, the government e-mailed Ms. Ristenpart a revised protective order addressing the issue regarding "names" discussed at calendar call. It is now Friday, July 17, 2026, and trial is only two-and-a-half weeks away. There is a tension between Ms. Ristenpart's assertion of her client's right to a speedy trial, her statements at calendar call regarding the importance of having full discovery, and her lack of responsiveness to the government's efforts to resolve the parties' discovery disputes.

With time of the essence, the government moves for entry of a revised proposed protective order. The government intends to produce to the "defense team" (defined below) materials related to personal identifying information of real persons, including, among other things, addresses,

2

telephone numbers, electronic mail accounts, social media accounts, dates of birth, and Social Security numbers. The purpose of the protective order is to prevent the unauthorized dissemination, distribution, or use of materials containing the personal identifying information of others. If this information is disclosed to the defendant without limitation, it will risk the privacy and security of the information's legitimate owners. The government has an ongoing obligation to protect these witnesses and third parties. The government cannot simply produce to the defendant an unredacted set of discovery containing this information.

Personal identifying information makes up a significant part of the discovery in this case. In many instances, such information itself has evidentiary value. If the government were to attempt to redact all this information in strict compliance with Fed. R. Crim. P. 49.1 and the District of Nevada Local Rules regarding redaction, the defense would receive a set of discovery that would be highly confusing and difficult to understand. The government anticipates that defense would object to such highly redacted discovery and would likely argue such redactions would make it difficult for her to adequately evaluate the case, advise her client, or prepare for trial. Accordingly, good cause exists for the entry of a protective order preventing the disclosure of personal identifying information.

This motion does not seek to limit the defendant's ability to review discovery, but only to prevent the unnecessary dissemination of discovery with personal identifying information in this case to persons outside the defendant and the defense team. This motion likewise does not constitute a request for a ruling as to the parties' presentation of evidence related to the protected information at a trial or hearings in this matter.

The government requests that the Court order the following:

    a. Defined terms:

      i.   The "defense team" in this matter includes only counsel of record (current and future) for the defendant, and any investigators, hired experts, and employees of defense counsel assigned to this case. The term "defense team" does not include any person or entity not specifically identified herein, and thus does not include the defendant, any of the defendant's family members or any other associates of the defendant.

      ii.   "Personal Identifying Information" ("PII") includes any information that can be used to identify a person other than name, including address, date of birth, Social Security number, driver's license number, telephone number, account number, electronic mail accounts, social media accounts, or personal identification number. The term "PII Protected Information" refers to materials containing PII that the government produces to the defense pursuant to the protective order.

b.  The government will identify evidence that would fall within the parameters of the protected information identified herein in writing to the defense by bates stamp number and clearly mark them as "Confidential PII – Subject to Protective Order".

c.  The government is authorized to provide defendant's counsel of record with PII Protected Information. Defendant may review PII Protected Information in this case only in the presence of a member of the defense team, and his counsel of record shall ensure that defendant is never left alone with any discovery subject to the Protective Order. Defendant may see and review PII Protected Information in the presence of a member of the defense team, but defendant may not copy, keep, maintain, or otherwise possess any of such PII Protected Information in this case at any time. Defendant must return any PII Protected Information to the defense team

at the conclusion of any meeting at which defendant is permitted to view the PII Protected Information. Defendant may not take any PII Protected Information out of the room in which he is meeting with the defense team. Defendant may not write down or memorialize any PII contained in the PII Protected Information. At the conclusion of any meeting with defendant, the member of the defense team present shall take with him or her all PII Protected Information. At no time, under no circumstance, will any PII Protected Information be left in the possession, custody, or control of defendant. The defendant shall not produce or divulge the protected information or the content thereof to any other person.

d. The defense team shall not permit anyone other than the defense team to have possession of PII Protected Information, including defendant himself. The defense team shall access and use PII Protected Information for the sole purpose of preparing for trial or any related proceedings in this case. The defense team may review PII Protected Information with a witness or potential witness in this case, including defendant. Before being shown any portion of PII Protected Information, however, any witness or potential witness must be informed of, and agree to be bound by, the requirements of the Protective Order. No witness or potential witness may retain PII Protected Information or any copy thereof, after his or her review of those materials with the defense team is complete.

e. The defense team shall maintain PII Protected Information safely and securely and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than defense team members and defendant as restricted above to see PII Protected Information, (2) not divulging to anyone the contents of PII Protected Information, and (3) not permitting PII Protected

Information to be outside the defense team's offices, homes, hotel rooms, vehicles, or personal presence.

f. To the extent that notes are made that memorialize, in whole or in part, the PII in any PII Protected Information, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become PII Protected Information, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

g. The defense team shall use PII Protected Information and materials otherwise identified as containing PII and materials otherwise identified as containing confidential materials, only within the scope of representing the defendant and for no other purpose. The defendant's representation includes any appeal filed by the defendant, any motion filed by the defendant pursuant to 28 U.S.C. § 2255, and preparation of any and all mitigation materials. In the event that a party needs to file PII Protected Information, materials otherwise identified as containing PII, or materials otherwise identified as containing confidential materials with the Court or divulge the contents of such materials in court filings, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact the PII or confidential materials and make all reasonable attempts to limit the divulging of PII or confidential materials.

h. Upon the final disposition of this case, any PII Protected Information, materials otherwise identified as containing PII, or materials otherwise identified as

containing confidential materials shall not be used, in any way, in any other matter, absent a court order. All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order. Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return PII Protected Information and materials otherwise identified as containing PII to the government or certify that such materials have been destroyed.

i.  In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any PII Protected Information, materials otherwise identified as containing PII, or materials otherwise identified as containing confidential materials may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become the defense team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government, or certifying the destruction of, all PII Protected Information and materials otherwise identified as containing PII.

For the foregoing reasons, the government requests the Court enter the attached proposed protective order.

Dated: July 17, 2026.

Respectfully Submitted,

TODD BLANCHE
Acting Attorney General

*/s/ Joshua Brister*
JOSHUA BRISTER
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:26-cr-00006-ART-CSD |
| Plaintiff, | |
| vs. | **[Proposed] Protective Order for Discovery Containing Personal Identifying Information** |
| DELSHAY ASTOR, | |
| Defendant. | |

The Court has considered the government's Motion for Entry of a Protective Order for Discovery Containing Personal Identifying Information. The Court, finding good cause, hereby ORDERS as follows:

1. The government's discovery in this case relates to the defendant's alleged crime, that is Murder in the Second Degree Within Indian Country in violation of 18 U.S.C. §§ 1111, 1151, and 1152. The discovery contains the personal identifying information of real persons, including, among other things, addresses, telephone numbers, electronic mail accounts, social media accounts, dates of birth, and Social Security numbers.

2. If the government were to attempt to redact all this information in strict compliance with Fed. R. Crim. P. 49.1 and the District of Nevada Local Rules regarding redaction, the defense would receive a set of discovery that would be highly confusing and difficult to understand.

3. The Court finds it is appropriate, therefore, for the government to produce unredacted discovery that contains personal identifying information but preserve the privacy and security of alleged witnesses and third parties. The Court agrees that a protective order as requested by the government will serve the government's interest in maintaining the privacy and security of

alleged witnesses and third parties while permitting the defense to understand the government's evidence.

4. Accordingly, the discovery the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

a. For purposes of this Protective Order, the "defense team" in this matter includes only counsel of record (current and future) for the defendant, and any investigators, hired experts, and employees of defense counsel assigned to this case. The term "defense team" does not include any person or entity not specifically identified herein, and thus does not include the defendant, any of the defendant's family members or any other associates of the defendant.

b. "Personal Identifying Information" ("PII") includes any information that can be used to identify a person, including name, address, date of birth, Social Security number, driver's license number, telephone number, account number, electronic mail accounts, social media accounts, or personal identification number. The term "PII Protected Information" refers to materials containing PII that the government produces to the defense pursuant to the protective order.

c. The government shall identify evidence that would fall within the parameters of the protected information identified herein in writing to the defense by bates stamp number and clearly mark them as "Confidential PII – Subject to Protective Order".

d. The government is authorized to provide defendant's counsel of record with PII Protected Information. Defendant may review PII Protected Information in this case only in the presence of a member of the defense team, and his counsel of record shall ensure that defendant is never left alone with any discovery subject to the Protective Order. Defendant may see and review PII Protected Information in the presence of a member of the defense team, but defendant may not copy, keep, maintain, or otherwise possess any of such PII Protected

9

Information in this case at any time. Defendant must return any PII Protected Information to the defense team at the conclusion of any meeting at which defendant is permitted to view the PII Protected Information. Defendant may not take any PII Protected Information out of the room in which he is meeting with the defense team. Defendant may not write down or memorialize any PII contained in the PII Protected Information. At the conclusion of any meeting with defendant, the member of the defense team present shall take with him or her all PII Protected Information. At no time, under no circumstance, will any PII Protected Information be left in the possession, custody, or control of defendant. The defendant shall not produce or divulge the protected information or the content thereof to any other person.

e.    The defense team shall not permit anyone other than the defense team to have possession of PII Protected Information, including defendant himself. The defense team shall access and use PII Protected Information for the sole purpose of preparing for trial or any related proceedings in this case. The defense team may review PII Protected Information with a witness or potential witness in this case, including defendant. Before being shown any portion of PII Protected Information, however, any witness or potential witness must be informed of, and agree to be bound by, the requirements of the Protective Order. No witness or potential witness may retain PII Protected Information or any copy thereof, after his or her review of those materials with the defense team is complete.

f.    The defense team shall maintain PII Protected Information safely and securely and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than defense team members and defendant as restricted above to see PII Protected Information, (2) not divulging to anyone the contents of PII Protected Information, and (3) not permitting PII Protected Information to be outside the defense team's offices, homes, hotel rooms, vehicles, or personal presence.

g.    To the extent that notes are made that memorialize, in whole or in part, the PII in any PII Protected Information, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become PII Protected Information, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

h.    The defense team shall use PII Protected Information and materials otherwise identified as containing PII and materials otherwise identified as containing confidential materials, only within the scope of representing the defendant and for no other purpose. The defendant's representation includes any appeal filed by the defendant, any motion filed by the defendant pursuant to 28 U.S.C. § 2255, and preparation of any and all mitigation materials. In the event that a party needs to file PII Protected Information, materials otherwise identified as containing PII, or materials otherwise identified as containing confidential materials with the Court or divulge the contents of such materials in court filings, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact the PII or confidential materials and make all reasonable attempts to limit the divulging of PII or confidential materials.

i.    Upon the final disposition of this case, any PII Protected Information, materials otherwise identified as containing PII, or materials otherwise identified as containing confidential materials shall not be used, in any way, in any other matter, absent a court order. All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order.

11

Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return PII Protected Information and materials otherwise identified as containing PII to the government or certify that such materials have been destroyed.

j.    In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any PII Protected Information, materials otherwise identified as containing PII, or materials otherwise identified as containing confidential materials may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become the defense team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government, or certifying the destruction of, all PII Protected Information and materials otherwise identified as containing PII.

IT IS SO ORDERED.


DATE: _____                            _____
                                                THE HONORABLE ANNE R. TRAUM
                                                UNITED STATES DISTRICT JUDGE

12